**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| LEO SHUMACHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _______________ |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| SLR INVESTMENT CORP., MICHAEL GROSS, BRUCE SPOHLER, STEVEN HOCHBERG, DAVID WACHTER, and LEONARD POTTER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff Leo Shumacher ("Plaintiff"), on behalf of himself and upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. This action arises from a proposed transaction (the "Transaction") through which SLR Investment Corp. ("SLRC" or the "Company") will merge with SLR Senior Investment Corp. ("SUNS") (the "Merger Agreement").

2. Pursuant to the terms of the Merger Agreement, SLRC would be the surviving company.

3. On December 16, 2021, Defendants caused to be filed with the SEC a Form N-14 Registration Statement (the "Registration Statement") under the Securities Act of 1933 in connection with the Transaction.

4. The Registration Statement, which recommends that SLRC shareholders vote in

favor of, among other things, the issuance of SLRC common stock in connection with the Transaction, omits and/or misrepresents material information concerning the financial analyses performed by SLRC's Special Committee's financial advisor, Keefe, Bruyette & Woods, Inc. ("KBW"), in connection with its fairness opinion

5. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as a substantial portion of the transactions and wrongs complained of herein had an effect in this District, the alleged misstatements entered and the subsequent damages occurred in this District, and the Company conducts business in this District.

## PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of SLRC.

10. Defendant SLRC is a business development company specializing in secured debt (first lien unitranche and second lien), subordinated (unsecured) debt, minority equity, leveraged

buyouts, acquisitions, recapitalizations, general refinancing, growth capital and strategic income oriented control equity investments in leveraged middle market companies. The Company is incorporated in Maryland. The Company's common stock trades on the NASDAQ under the ticker symbol, "SLRC."

11. Defendant Michael Gross is Co-Chief Executive Officer, President, and Chairman of the Board of the Company.

12. Defendant Bruce Spohler is Co-Chief Executive Officer, Chief Operating Officer, and a director of the Company.

13. Defendant Steven Hochberg is a director of the Company.

14. Defendant David Wachter is a director of the Company.

15. Defendant Leonard Potter is a director of the Company.

16. Defendants identified in paragraphs 11-15 are collectively referred to herein as the "Individual Defendants."

17. Defendants SLRC and the Individual Defendants are collectively referred to herein as the "Defendants."

## FACTUAL BACKGROUND

### Background of the Company and the Transaction

18. SLRC is a closed-end investment company that has elected to be regulated as a business development company under the Investment Company Act of 1940. A specialty finance company with expertise in several niche markets, SLRC primarily invests directly and indirectly in leveraged, U. S. middle market companies in the form of cash flow senior secured loans including first lien and second lien debt instruments and asset-based loans including senior secured loans collateralized on a first lien basis primarily by current assets.

19. On December 1, 2021, SLRC and SUNS announced that they had entered into an agreement to merge together, with SLRC as the surviving company.

20. According to the press release announcing the Transaction:

> SLR Investment Corp. and SLR Senior Investment Corp. Announce Entry into Merger Agreement December 01, 2021 16:02 ET | Source: SLR Senior Investment Corp. NEW YORK, Dec. 01, 2021 (GLOBE NEWSWIRE) -- SLR Investment Corp. (NASDAQ: SLRC) ("SLRC") and SLR Senior Investment Corp. (NASDAQ: SUNS) ("SUNS") today announced that they have entered into an agreement to merge together, with SLRC as the surviving company, subject to stockholder approval and customary closing conditions. The Boards of Directors of both SLRC and SUNS, on the recommendation of their special committees consisting only of the independent directors, have unanimously approved the transaction.
>
> Under the terms of the proposed merger, SUNS shareholders will receive an amount of SLRC shares with a net asset value ("NAV") equal to the NAV of SUNS shares that they hold at the time of closing. The exchange ratio will be determined within forty-eight hours prior to the closing such that shares issued by SLRC to SUNS shareholders will result in an ownership split of the combined company based on the respective NAVs of each of SLRC and SUNS. For illustrative purposes, based on NAVs as of September 30, 2021 and including expected transaction costs and distributions, SLRC would issue approximately 0.7763 shares for each SUNS share outstanding, resulting in approximate pro forma ownership of 77.2% for current SLRC stockholders and 22.8% for current SUNS stockholders.
>
> SLR Capital Partners, LLC ("SLR Capital Partners" or "we," "us," or "our") will continue to serve as the investment adviser of the combined company and all current SLRC officers and directors will remain in their current positions. Effective upon closing of the merger, SLR Capital Partners has voluntarily agreed to a 25 basis points reduction of the base management fee, resulting in a base management fee of 1.50% on gross assets up to 200% of SLRC's total net assets as of the immediately preceding quarter end. SLRC will retain the contractual annual base management fee payable by SLRC of 1.00% on gross assets that exceed 200% of SLRC's total net assets as of the immediately preceding quarter end.
>
> The combined company will trade under the ticker symbol "SLRC" on the Nasdaq Global Select Market and currently expects to continue to pay a quarterly distribution of $0.41 per share to the combined company's shareholders. However, there can be no assurance that the combined company will pay quarterly distributions at this amount or in any amount, and all future distributions will be subject to the approval of the combined company's board of directors.
>
> ***

> The transaction, which is intended to be treated as a tax-free reorganization, is subject to various approvals by SLRC and SUNS stockholders and other customary closing conditions. Assuming these conditions are satisfied, the transaction is expected to close in the first half of 2022.
>
> Keefe, Bruyette & Woods, A Stifel Company, serves as financial advisor and Blank Rome LLP serves as the legal counsel to the special committee of SLRC. Houlihan Lokey Capital, Inc. serves as financial advisor and Dechert LLP serves as the legal counsel to the special committee of SUNS. Katten Muchin Rosenman LLP serves as the legal counsel to SLRC, SUNS and SLR Capital Partners.

**The Registration Statement Contains Material Omissions**

21. On December 16, 2021, Defendants caused to be filed with the SEC the Registration Statement under the Securities Act of 1933 in connection with the Transaction.

22. As set forth below, the Registration Statement omits material information concerning analyses performed by KBW.

23. With regard to KBW's "Selected Companies Analysis" and "Selected Transactions Analysis," the Registration Statement fails to disclose the individual multiples and financial metrics of each company and transaction KBW observed in its analyses and the individual premiums paid in each transaction.

24. With regard to KBW's "Dividend Discount Analysis of SUNS," the Registration Statement fails to disclose: (1) the dividend and net asset projections of SUNS; (2) the individual inputs and assumptions underlying the (i) discount rates ranging from 8.0% to 12.0%, (ii) terminal multiple range of 0.90x to 1.10x, and (iii) terminal dividend yield range of 6.0% to 10.0%; and (3) the terminal values of SUNS.

25. With regard to KBW's "Dividend Discount Analysis of SLRC," the Registration Statement fails to disclose: (1) the dividend and net asset projections of SLRC; (2) the individual inputs and assumptions underlying the (i) discount rates ranging from 8.0% to 12.0%, (ii) terminal multiple range of 0.90x to 1.10x, and (iii) terminal dividend yield range of 7.0% to 11.0%; and (3)

the terminal values of SLRC.

26. With regard to KBW's "Potential Net Investment Income Per Share Accretion," the Registration Statement fails to disclose: (1) the pro forma assumptions (including, without limitation, the cost savings and related expenses expected to result from the Transaction); and (2) the potential financial impact of the Transaction on the projected financial results of SLRC, including the extent to which the Transaction could be accretive to SLRC's estimated net investment income per share in calendar years 2022, 2023, 2024 and 2025.

27. The Registration Statement provides that, in connection with its opinion, KBW considered the following:

> KBW's consideration of financial information and other factors that it deemed appropriate under the circumstances or relevant to its analyses included, among others, the following:
>
> ***
>
> - certain publicly available consensus "street estimates" of SLRC and SUNS for 2022, all of which information was discussed with KBW by SCP's management and used and relied upon by KBW based on such discussions, at the direction of SLRC and with the consent of the SLRC Special Committee; and
>
> - estimates regarding certain pro forma financial effects of the Mergers on SLRC (including, without limitation, the cost savings and related expenses expected to result or be derived from the Mergers) that were prepared by SCP's management, provided to and discussed with KBW by such management, and used and relied upon by KBW based on such discussions, at the direction of SLRC and with the consent of the SLRC Special Committee. 28. The Registration Statement, however, fails to disclose the "street estimates" of SLRC and SUNS for 2022, and estimates regarding the pro forma financial effects of the Proposed Transaction on SLRC (including, without limitation, the cost savings and related expenses expected to result or be derived from the Proposed Transaction). 29. The valuation methods, underlying assumptions, and key inputs used by KBW in rendering its purported fairness opinion must be fairly disclosed to SLRC shareholders. The description of KBW's fairness opinion and analyses, however, fails to include key inputs and assumptions underlying those analyses. 30. Without the information described above, SLRC shareholders are unable to fully understand KBW's fairness opinion and analyses, and are thus unable to determine how much weight, if any, to place on them in determining whether to vote for or against the Proposed

28. The Registration Statement, however, fails to disclose the "street estimates" of SLRC and SUNS for 2022, and estimates regarding the pro forma financial effects of the Transaction on SLRC (including, without limitation, the cost savings and related expenses expected to result or be derived from the Transaction).

29. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

30. The omission of the above-referenced material information renders the Registration Statement false and misleading.

31. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SLRC

32. Plaintiff repeats all previous allegations as if set forth in full.

33. During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

34. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement. The Registration Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the background of the Transaction, and the data and inputs underlying the financial valuation analyses that support

the fairness opinion provided by KBW. The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements

35. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Transaction or seek to exercise their appraisal rights.

36. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

37. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate. Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants

38. Plaintiff repeats all previous allegations as if set forth in full.

39. The Individual Defendants acted as controlling persons of SLRC within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of SLRC and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or

cause them to be corrected.

41. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Transaction. They were thus directly involved in the making of the Registration Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Transaction and any vote on the Transaction and Stock Issuance, unless and until Defendants disclose and disseminate the material information identified above to Company shareholders;

B. In the event defendants consummate the Transaction, rescind and set it aside or award rescissory damages;

C. Declare that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

D. Award Plaintiff all attorneys' fees, expert fees, and expenses incurred in prosecuting this action; and

E. Award all other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: January 21, 2022

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

**C.O. LAW, APC**
Clark Ovruchesky
2404 Broadway, Suite 150
San Diego, CA 92102
Telephone: (619) 356-8960
Email: co@colawcalifornia.com

*Attorneys for Plaintiff*